IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANAIAH THEOPHILUS PETTY, ID # 984218, | PRISONER CIVIL RIGHTS 42 U.S.C. § 1983 |
| Plaintiff, | |
| v. | CIVIL ACTION FILE NO. 1:18-CV-0827-AT-JKL |
| SHERIFF OF NEWTON COUNTY, EZELL BROWN, | |
| Defendant. | |

**FINAL REPORT AND RECOMMENDATION**

Plaintiff, a pretrial detainee at the Newton County Jail in Covington, Georgia, has filed this civil rights action pursuant to 42 U.S.C. § 1983. [Doc. 1.] The Court has granted Plaintiff leave to proceed without prepayment of fees. This matter is before the Court for a frivolity screening pursuant to 28 U.S.C. § 1915A.

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). A

district court also may dismiss a complaint if the alleged facts do not state a plausible claim for relief. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the deprivation occurred under color of state law. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). If a plaintiff cannot satisfy those requirements, or fails to provide factual allegations in support of the claim, the complaint may be dismissed. *Id.* at 737-38.

Plaintiff claims that Defendant has denied him access to paper copies of his personal mail, requiring that Plaintiff view all non-legal mail through the use of an electronic kiosk. Plaintiff asserts that this practice violates his right to procedural due process under the 14th Amendment. He does not state that that Sheriff Ezell is personally involved in the handling of his mail, but argues that he is liable for the violation of his rights because the Sheriff is "responsible for operations at the institution." [Doc. 1 at 3.] Plaintiff seeks $100,000 in damages and an order requiring Defendant to provide Plaintiff with his mail.

"The Fourteenth Amendment protects against deprivation of a constitutionally protected interest in life, liberty, or property without the due process of law." *Loor v. Bailey*, 708 F. App'x 992, 994 (11th Cir. 2017) (citing *Maddox v. Stephens*, 727 F.3d 1109, 1118 (11th Cir. 2013)) (internal quotation marks omitted). A claim for the violation of procedural due process rights requires proof of three elements: "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Id.* (quoting *Arrington v. Helms*, 438 F.3d 1336, 1347 (11th Cir. 2006)).

Plaintiff fails to state a procedural due process claim. He does not allege that his mail was withheld from him or otherwise censored or restricted. Rather, he merely complains that he was required to access his incoming non-legal mail through a kiosk. The jail's policy does not rise to the level of a constitutional violation, and Plaintiff's claim must, therefore, fail. *See Wood v. DeSoto Cty. Sheriff's Dept.*, No. 316cv42-MPM-RP, 2017 WL 2292790, at *10 (N.D. Miss. May 24, 2017) (finding that restricting plaintiff to electronic kiosk to access incoming non-legal mail is not a constitutional violation).

Moreover, "[w]hen a Georgia Sheriff functions as an arm of the State, he enjoys Eleventh Amendment immunity from a § 1983 claim for money damages or other retrospective relief brought against him in his official capacity." *Johnson v.*

*Forsyth Cty. Bd. of Comm'rs,* No. 2:14-CV-00173-RWS-JCF, 2015 WL 1725717, at *3 (N.D. Ga. Mar. 10, 2015) (citing *Purcell v. Toombs Cty.*, 400 F.3d 1313, 1325 (11th Cir. 2005)). Accordingly, Plaintiff's claim for money damages against Sheriff Ezell must fail.

Lastly, supervisors cannot be held liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability. *Simpson v. Stewart*, 386 F. App'x 859, 860 (11th Cir. 2010). Rather, a supervisor is only liable when he "personally participates in the alleged unconstitutional conduct or when there is a causal connection between [his] actions . . . and the alleged constitutional deprivation." *Chatham v. Adcock*, 334 F. App'x 281, 285-86 (11th Cir. 2009) (citing *Cottone v. Jenne*, 326 F.3d 1352, 1460 (11th Cir. 2003)).

A causal connection is established when: (1) the supervisor was on notice, by a history of widespread abuse, of the need to correct a practice that led to the alleged deprivation and failed to do so; (2) the supervisor's policy or custom resulted in deliberate indifference; or (3) the supervisor directed the subordinate to act unlawfully and/or failed to stop the unlawful action. *Id.*; *White v. Thompson*, 299 F. App'x 930, 933 (11th Cir. 2008). "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely

4

rigorous." *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003). Other than alleging that Sheriff Ezell is "responsible for operations at the institution," Plaintiff does not provide any factual allegations to provide a causal connection between Sheriff Ezell and the use of the mail kiosk. He has, therefore, failed to establish a basis for Sheriff Ezell's liability.

For the foregoing reasons, **IT IS RECOMMENDED** that the complaint be **DISMISSED** for failure to state a claim under 28 U.S.C. § 1915A. The Clerk is **DIRECTED** to terminate the reference to the undersigned magistrate judge.

**IT IS SO RECOMMENDED** this 19th day of April, 2018.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE